**Helen WOE et al., and Evelyn Jones, Intervenor, Appellees,**

v.

**NEBRASKA STATE DEPARTMENT OF PUBLIC WELFARE et al., Appellants.**

**No. 79–1380.**

United States Court of Appeals, Eighth Circuit.

Submitted May 23, 1979.

Decided May 25, 1979.

Rehearing and Rehearing En Banc Denied June 8, 1979.

Royce N. Harper, Asst. Atty. Gen., Dept. of Justice, Lincoln, Neb., argued for appellants.

David L. Piester, Lincoln, Neb., argued, for appellees.

Before LAY, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

The motion for a stay of execution of the order of the district court dated May 7, 1979, is granted pending appeal of that order granting a preliminary injunction against the defendants. The appeal of that order is hereby expedited for hearing at the September 1979 term of this court. The parties are ordered to arrange a satisfactory briefing schedule with this court's appeal expediter to permit the appeal to be heard in September.

This order is without prejudice to the right of either party to file any appropriate motion in this court to dissolve or modify the stay in the event the state district court or the state supreme court shall, prior to this court's September term, render a decision or decisions in cases relating directly or indirectly to the issues in this case.

We do not at this time rule on the question whether or not the trial court should have abstained from accepting immediate

jurisdiction of this case. However, once abstention is decreed, it seems to us that a reasonable opportunity should be given to the state courts to act.

This order is conditioned upon the defendants' filing a statement that in the event the order issuing the temporary injunction is finally affirmed, defendants concede that the effective date of the injunction for payment purposes will be the date of the preliminary injunction issued by the district court, i. e., May 7, 1979.

LAY, Circuit Judge, dissenting.

Review of the district court's denial of the motion to stay the preliminary injunction pending appeal necessarily involves the same type of inquiry that will be undertaken when examining the merits of the appeal from the preliminary injunction.[1] Accordingly, I believe the motion for stay and the appeal on the preliminary injunction should have been initially consolidated in this court so as to avoid the duplication of judicial effort and corresponding waste of judicial resources. As it now stands, this court has granted a stay notwithstanding the district court's undisturbed findings that plaintiffs will most likely prevail on the merits and that they will suffer irreparable harm absent a preliminary injunction. I cannot agree with such a disposition. *See Aberdeen & Rockfish Railroad v. SCRAP,*

409 U.S. 1207, 93 S.Ct. 1, 34 L.Ed.2d 21 (1972) (Burger, C. J., sitting as Circuit Justice).

It is clear that the stay is being granted by the majority precisely because the district court abstained from accepting immediate jurisdiction of the case. I see no reason to preclude a district court from ordering interim equitable relief simply because the district court has temporarily deferred to state court proceedings. *See Catrone v. Massachusetts State Racing Commission,* 535 F.2d 669 (1st Cir. 1976). More significant, however, in light of the claim presented and the rulings on the probability of success and injury, I fail to understand the need for the district court's decision to abstain in this case. There were no state proceedings under way at the time abstention was ordered. Thus, abstention cannot even arguably be justified under the *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) branch of the abstention doctrine. The *Pullman* doctrine of abstention likewise provides no basis for abstaining since the primary claim, and the one which should be first addressed by the district court, *see Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 482, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977), raises the issue of federal statutory preemption. Such a claim, although bottomed on the

---

1. As Judge Bright wrote, the grant of a preliminary injunction involves

> [s]imilar considerations . . . [to those] present . . . [when] considering whether to stay an injunction pending an appeal. The party seeking the stay must meet these standards:
> (1) a strong showing that he is likely to succeed on the merits of the appeal;
> (2) a showing that, unless a stay is granted, he will suffer irreparable injury; (3) a showing that no substantial harm will come to other interested parties; and (4) a showing that a stay will do no harm to the public interest. [*Reserve Mining Co. v. United States,* 498 F.2d 1073, 1076–77 (8th Cir. 1974).]

*Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 207 n.2 (8th Cir. 1976).
As explained in *Checker Motors Corp. v. Chrysler Corp.,* 405 F.2d 319, 323 (2d Cir.), *cert. denied,* 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969)

> The purpose of a preliminary injunction is to maintain the status quo pending a final determination of the merits . . . . It is an extraordinary remedy, and will not be granted except upon a clear showing of probable success *and possible irreparable injury* [emphasis of the court]. . . . However, "*the burden [of showing probable success] is less where the balance of hardships tips decidedly toward the party requesting the temporary relief.*" *Dino De Laurentiis Cinematografica, S. p. A. v. D—150, Inc.,* [366 F.2d 373, 375 (2 Cir. 1966)]. In such a case, *the moving party may obtain a preliminary injunction if he has raised questions going to the merits so serious, substantial, and difficult as to make them a fair ground for litigation and thus for more deliberate investigation.* (Emphasis added).

*Cf. Fennell v. Butler,* 570 F.2d 263 (8th Cir.), *cert. denied,* 437 U.S. 906, 98 S.Ct. 3093, 57 L.Ed.2d 1136 (1978).

Supremacy Clause of the Constitution, does not involve a federal court making a pronouncement concerning the constitutional validity of a state statute. *See Swift & Co. v. Wickham*, 382 U.S. 111, 120–22, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). Thus, deference to state courts in order to avoid a potentially unnecessary federal constitutional issue is not warranted in this case. *Cf. Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Finally, I would note that in terms of comity and the avoidance of needless litigation, abstention in this case seems highly inappropriate. The trial court ordered the parties into state court and then, by its findings of probable success on the merits and irreparable injury, in effect instructed the state court how the statute must be construed. Such a course hardly comports with the interests served by the abstention doctrine.

Accordingly, I dissent from the order granting a stay.