NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1624
_____

UNITED STATES OF AMERICA

v.

DENNIS BURNETT,
a/k/a LITTLE SHIT

Dennis Burnett, Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-08-cr-00201-003)
District Judge: Hon. Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
Wednesday, October 5, 2011

Before: McKEE, *Chief Judge*, FUENTES, and GREENBERG, *Circuit Judges*

(Opinion Filed: November 18, 2011)
_____

OPINION
_____


McKEE, *Chief Judge*.

        Dennis Burnett appeals the district court's denial of his motion to withdraw his

guilty plea. For the reasons set forth below, we will affirm.

# I.

Because we write primarily for the parties, we will only set forth those facts that clarify our brief discussion.

During the Rule 11 colloquy, the district court determined that Burnett was not under the influence of any substance and that he had no recent history of medical or psychiatric care. Burnett represented to the court that, although he did not "feel good right now," he was thinking clearly and understood the proceedings. Both the prosecutor and defense counsel informed the court that they had no doubt as to Burnett's competence to plead guilty. Accordingly, the district court accepted Burnett's plea.

Prior to sentencing, Burnett filed a motion to withdraw his guilty plea. At the conclusion of the evidentiary hearing on Burnett's motion, the court denied the motion, and this appeal followed.[1]

## II. Withdrawal of Plea

"We review a district court's ruling denying a defendant's motion to withdraw his guilty plea before sentencing pursuant to an abuse of discretion standard." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). A defendant has no absolute right to withdraw a guilty plea once it has been accepted by the court. *Id.* Rather, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).

---

[1] The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

We look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea. A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.

*United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (citation omitted) (internal quotation marks omitted) (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as recognized in*, *United States v. Roberson*, 194 F.3d 408, 417 (3d Cir. 1999)). "The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." *Jones*, 336 F.3d at 252.

We review a district court's factual findings regarding competency for clear error. *United States v. Leggett*, 162 F.3d 237, 241 (3d Cir. 1998). The standard for competency to plead guilty is the same as that for competency to stand trial. *Taylor v. Horn*, 504 F.3d 416, 430 (3d Cir. 2007) (citing *Godinez v. Moran*, 509 U.S. 389, 399-400 (1993)). "To be competent to plead guilty or stand trial, a defendant must have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and must possess a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation marks omitted) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

As the district court noted, Burnett's contention that he was not competent during his change of plea colloquy is analyzed under the third factor—the strength of the

3

defendant's reason for seeking to withdraw his plea.[2] Burnett places substantial reliance on Dr. Voskanian's conclusion that he was "likely somewhat more incompetent than competent" to plead guilty. However, as the district court noted, this conclusion was at best equivocal. In addition, as the district court also noted, Dr. Voskanian's nearly exclusive reliance on Burnett's self-serving statements in formulating his conclusion undermined the reliability of that conclusion.[3]

According to Dr. Voskanian, Burnett had lost all motivation to defend himself after learning of his grandfather's death, but he later decided to fight his case for the sake of his family. Nevertheless, a change of mind is not an adequate reason for withdrawing a guilty plea. *Brown*, 250 F.3d at 815. As the district court pointed out, lack of motivation is not tantamount to legal incompetence, and Burnett cites no legal authority to the contrary.

Thus, Burnett's statement that he did not feel good at his change of plea hearing does not establish that he was incompetent. The district court reasonably interpreted this statement as an expression of an emotional state that is commonly experienced by criminal defendants preparing to plead guilty to serious charges. After Burnett indicated that he was not "feeling good," the court immediately asked him if he nonetheless

[2] Burnett has not asserted his innocence; rather, he relies exclusively on the third factor in arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea.

[3] Specifically, the court noted Dr. Voskanian's failure to interview persons, other than Burnett, who were present at the change-of-plea hearing on July 14, 2009 and who had the opportunity to observe Burnett's demeanor at that hearing. The court also noted that, although Dr. Voskanian reviewed the transcript of the July 14 hearing, he did not review transcripts of proceedings that took place before Burnett learned of his grandfather's death for comparison.

understood the proceedings and whether he was thinking clearly. Burnett answered both questions affirmatively.

The district court found Burnett to be "calm, collected and responsive" during the July 14 hearing and observed that "he manifested no stress, no upset and no distractions at all." We have noted that "[s]uch an evaluation is primarily within the province of the district court." *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985). The district court gave great weight to Detective Mooney's and Mr. Jimenez's testimony and did not find Dr. Voskanian's testimony to be persuasive. The district court's conclusion that Burnett was competent is well supported by evidence in the record. We cannot say that the district court abused its discretion when it denied Burnett's motion to withdraw his guilty plea.

III.

For the reasons stated above, we will affirm the district court's order denying Burnett's motion to withdraw his plea of guilty.