CLD-309                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2599
_____

IN RE: DENNIS BURNETT, a/k/a LITTLE SHIT

DENNIS BURNETT,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 2:08-cr-00201-003)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 13, 2018
Before: CHAGARES, GREENAWAY, Jr., and FUENTES, Circuit Judges

(Opinion filed: October 26, 2018)
_____

OPINION[*]
_____

PER CURIAM

In 2009, Dennis Burnett pleaded guilty in the United States District Court for the

Eastern District of Pennsylvania to two counts of robbery, one count of conspiracy to

commit robbery, and one count of using or carrying a firearm during and in relation to a

violent crime. He was sentenced to a term of 180 months of imprisonment. Burnett filed

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

a motion to withdraw his guilty plea, a direct appeal, and a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 – which were all unsuccessful. See United States v. Burnett, 452 F. App'x 81 (3d Cir. 2011); see also C.A. No. 14-1246 (order entered on July 29, 2014).

After other unsuccessful attempts to challenge his conviction, Burnett filed a motion to amend judgment pursuant to Fed. R. Civ. P. 59(e) and a motion for relief under Fed. R. Civ. P. 60(b). Before the District Court could rule on those motions, the Federal Community Defender Office filed a § 2255 motion on Burnett's behalf to present a claim under Johnson v. United States, 135 S. Ct. 2551 (2015); that motion is still pending. Burnett then filed three other motions.[1] Ultimately, the District Court denied Burnett's five pro se motions, without prejudice, to allow counsel to determine (in consultation with Burnett) if it were necessary to re-file the motions. Burnett filed an appeal – which is still pending – to challenge the District Court's order. Burnett then filed a Rule 54(b) motion, asking the District Court to certify its order regarding the denial of his five motions. The District Court ruled that Burnett's Rule 54(b) motion was moot, since he filed it after his notice of appeal.

Burnett now presents a petition for a writ of mandamus. Burnett argues that the District Court was incorrect to rule that his Rule 54(b) motion is moot and asks us to compel the District Court to rule on his Rule 54(b) motion again (and consider granting

---

[1] Burnett filed the following motions: (1) Motion for Status Update; (2) Motion Denying and Challenging the Jurisdiction of the Above Named Court Over Subject Matter in the Above-Entitled Cause; and (3) Motion for Discovery and Compulsory Production of Documents by Subpoena Duces Tecum.

it).  Also, Burnett requests that we reassign his case to another District Judge, claiming that the District Judge has committed numerous legal errors, has apparent bias, and has denied him access to a full and fair legal process.

We will deny Burnett's petition.  Mandamus is a drastic remedy that is granted only in extraordinary cases.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To demonstrate that mandamus relief is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  A writ of mandamus should not issue where relief may be obtained through an ordinary appeal.  In re Chambers Dev. Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998).

To the extent that Burnett is challenging the District Court's order regarding his Rule 54(b) motion, mandamus relief is not warranted.[2]  Burnett simply disagrees with the District Court's ruling.  However, Burnett's recourse for any dissatisfaction with the District Court's disposition of his Rule 54(b) motion must be had through the appellate process.  See In re Chambers Dev. Co., Inc., 148 F.3d at 226 (explaining that mandamus relief is not available as a substitute for an appeal).

---

[2] Although he also requests that we order the District Court to rule, this is not a case in which the District Court has failed to exercise jurisdiction.  See, e.g. Hassine v. Zimmerman, 160 F.3d 941, 954 n.12 (3d Cir. 1998) (discussing the remedy of mandamus in cases of extraordinary delay in ruling).  The District Court has, in fact, ruled on his Rule 54(b) motion.

To the extent that Burnett seeks the District Judge's recusal, we may consider on mandamus whether the District Judge is obligated to recuse under 28 U.S.C. § 455. See In re Kensington Int'l Ltd., 353 F.3d 211, 219-20 (3d Cir. 2003); Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). Burnett falls well short of the high bar for obtaining a writ of mandamus regarding the recusal of a District Judge. Burnett's petition is rich in accusations, but it is grounded in mere dissatisfaction with the District Court's rulings. "We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted).

Moreover, recusal is not required on the grounds of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). The "evidence" cited by Burnett – including a letter from 2008 opposing the District Judge's nomination – does not shine a light upon any alleged judicial bias or corruption. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (explaining the standard for recusal under 28 U.S.C. § 455(a)). In short, Burnett has not shown a clear and indisputable right to issuance of the writ.[3]

Accordingly, we will deny Burnett's mandamus petition.

---

[3] It also may be that he has another means to seek the desired relief; he could file a recusal motion in the District Court. Cf. In re Kensington Int'l Ltd., 353 F.3d at 224. However, because Burnett previously sought and failed to obtain the District Judge's recusal early in his post-conviction proceedings, we do not base our denial on that ground.

4