UNITED STATES of America, Plaintiff,

v.

Francis B. SPRINGFIELD and Frank W. Lawrence, Defendants.

No. 35854.

United States District Court
N. D. California, S. D.

Nov. 6, 1959.

OLIVER J. CARTER, District Judge.

The defendants have filed a motion to vacate and set aside judgment under the provisions of Title 28 U.S.C. § 2255, an affidavit and motion to proceed in forma pauperis, a motion for the appointment of counsel, and a notice of intent to appeal.

The motion to vacate and set aside judgment sets forth the grounds upon which the defendants seek to have their sentences set aside, and upon which all of the other motions and papers in this proceeding depend. In sum and substance, the motion sets forth two grounds: (1) the defendants were found guilty of a conspiracy to violate the narcotic laws, and that they were convicted upon evidence which was obtained by unlawful search and seizure, and (2) the defendants were denied the assistance of counsel as guaranteed by the Sixth Amendment in that their retained counsel gave them ineffective representation due to the fact that he failed to make a motion to suppress evidence prior to the trial under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and, in lieu of this, objected to the admissibility of the evidence at the time of the trial.

The records of this Court show that the case was tried before the Court without a jury, that the defendants were represented by retained counsel, and that no appeal was taken from the judgment of conviction.

As to the first ground, the case falls squarely within the rule laid down in the recent case of Eberhart v. United States, 9 Cir., 1958, 262 F.2d 421, in which the court said:

"Petitioner presents three contentions in the present proceedings. The first one is that the Government used evidence (the narcotics and money) obtained by an illegal search and seizure.

"Assuming for the moment, that the money or the narcotics used as evidence was obtained illegally, this contention should have been urged at the trial and on appeal and cannot be used in a habeas corpus or § 2255 proceeding. Price v. Johnston, 9 Cir., 125 F.2d 806, certiorari denied 316 U.S. 677, 62 S.Ct. 1106, 86 L.Ed. 1750; Barber v. United States, 10 Cir., 197 F.2d 815; United States v. Scales, 7 Cir., 249 F.2d 368. The reception of illegally obtained evidence would be trial error which should be challenged on appeal if known by the defendant during the trial." (262 F.2d at page 422)

■ The records of the case show that a motion to suppress the challenged evidence was made at the time of trial and denied, and there is nothing in part (1) of the proposed motion to vacate which was not raised at the trial. As to this ground, it is obvious that the defendants are seeking to substitute a proceeding under § 2255 for the appellate process. This they cannot do.

Defendant Frank W. Lawrence filed a motion to vacate and set aside sentence under the provisions of § 2255 on January 19, 1959. The essence of this prior

motion to vacate and set aside sentence was that defendant was convicted upon evidence which was obtained by unlawful search and seizure, i. e. the same ground as the first ground alleged in the present petition on behalf of both Springfield and Lawrence. On January 22, 1959 the district court dismissed the motion to vacate and set aside sentence. He appealed to the Court of Appeals for the Ninth Circuit. (Undocketed Misc. 844) The appeal was ordered dismissed as frivolous on May 4, 1959.

As the second ground for their motion to vacate and set aside judgment, the defendants are in substance alleging that they did not have the assistance of counsel guaranteed by the Sixth Amendment, in that they had ineffective representation by counsel. It is their contention that they did not have effective assistance of counsel because their counsel was in collusion with the prosecuting attorney and "did not want to protect the rights of his clients." They allege that his failure to make a motion to suppress evidence prior to the trial under Rule 41(e) of the Federal Rules of Criminal Procedure denied them the effective assistance of counsel. The basic problem before the Court in this regard is the question of whether or not there is such a genuine issue of material fact raised that it cannot be resolved without a hearing, followed by findings of fact and conclusions of law. The Court will first consider the cases concerned with the law in regard to effective assistance of counsel. Next in order, it will consider the cases dealing with the requirement of a hearing in connection with this issue.

In United States v. Butler, D.C., 167 F.Supp. 102, 105 (affirmed by the Fourth Circuit in 1958 in 260 F.2d 574), Judge Hoffman set forth the law regarding Rule 41(e) as follows:

"While it may be the better practice for counsel to avail themselves of opportunities afforded by an advance motion to suppress evidence where a jury is hearing the case, the failure to do so cannot be asserted as grounds for relying upon ineffective representation of counsel * * *. Perhaps an abler attorney would have raised the point at an earlier stage of the testimony, but if there is merit to petitioner's contention on this point, it would open the avenue of freedom to all defendants in criminal cases who have been subjected to evidence being introduced and thereafter excluded by instructions of the court. It would, in effect, preclude action by a court in excluding improperly admitted evidence."

At page 106 of 167 F.Supp. he further stated:

"In a proceeding to vacate a sentence under 28 U.S.C.A. § 2255, the petitioner must carry the burden of proof. By alleging ineffective representation of counsel, it is incumbent upon petitioner to show not only the type of representation, but also at which point such representation violated the provisions of the Constitution. The Sixth Amendment requiring that the accused shall have assistance of counsel does not mean that constitutional rights of an accused are impaired by mistakes of counsel, and petitioner must show that the proceedings were, in substance, a farce and a mockery of justice. (Citing cases) Undoubtedly there must be 'effective' representation and negligence of an attorney may be one factor pointing to the violation of constitutional rights, but in the instant proceeding there exists, at the most, a lack of judgment in not registering a more timely objection. The attorney employed by petitioner has had fourteen years of experience in the field of criminal law. Unless his conduct during the trial was such as to impose a duty upon the Court to intercede in petitioner's behalf under the belief that the proceedings were being converted into a mock-

ery of justice, the petitioner cannot complain that his constitutional rights have been violated."

Although it appears that a hearing was held under § 2255, it would seem that the above excerpts from the Butler case are applicable to the instant case. The fact that counsel for petitioners failed to make a motion to suppress evidence prior to the trial under Rule 41(e), might constitute negligence on his part in light of the outcome of the case. However, this would seem to be, at most, a lack of judgment in not registering a more timely objection, and not such a substantial error as to make a farce or mockery of justice.

Counsel for the petitioners objected strenuously to the admission of the evidence at the trial. Therefore, the issue was fully raised and ruled on by the trial judge. The petitioners cannot complain of the actions of their attorney merely because some other attorney would have adopted different trial tactics.

In the case of Sanchez v. United States, 1 Cir., 1958, 256 F.2d 73, at page 75, Judge Magruder, in dealing with an attack upon the competency of counsel said:

"These attacks upon the competency of counsel are not received with much sympathy by the courts. (Citing cases) *Certainly the judge who presided at the trial, and thus was perfectly well aware of the services rendered by court-appointed counsel, had no obligation to call a hearing on the defendant's § 2255 motion,* in order to waste time while the defendant undertook to make specific his vague general allegations of counsel's inadequacy." (Emphasis added.)

In the present case we have only the vague general allegations of ineffective assistance of counsel. Petitioners allege conclusions that their attorney was guilty of fraud and misrepresentation and that there was a conspiracy between their attorney and the government. No facts are alleged which would support such conclusions.

In the case of Jones v. United States, 1957, 103 U.S.App.D.C. 326, 258 F.2d 420 the District Court had denied a motion to vacate under § 2255 without holding a hearing. On appeal, the Circuit Court affirmed, saying at page 422 of 258 F.2d:

"To sustain his allegation of incompetence on the part of his attorney, it is necessary that appellant allege facts which substantiate his claim. He alleges no facts except that his attorney failed to make a motion to suppress the narcotics as evidence. *This lone fact is not sufficient to require a hearing.*" (Emphasis added.)

In the Sanchez case the claim of ineffective assistance of counsel was based upon the fact that counsel did not put the defendant on the stand during the trial. In the Jones case the claim was based on the fact that counsel failed to make a motion to suppress. In both cases the alleged acts or omissions were merely matters of trial tactics which the counsel should have complete control over without worrying that his choice of tactics will lead to a § 2255 proceeding attacking his judgment as ineffective assistance of counsel.

In the Ninth Circuit we have the case of Smith v. United States, 1958, 259 F.2d 125, in which the court held that on the motion to vacate judgment of conviction and sentence, allegations of the petition were sufficient to require a hearing on contention of defendant that he was not adequately represented by court appointed counsel.

The allegations in the Smith case were to the effect that he was denied adequate or effective representation by counsel in that his court appointed attorney was unfamiliar with federal criminal procedure and practice, without experience in criminal proceedings, and that the attorney failed to make effective or adequate investigation of the case and failed to present to the court the question of petitioner's sanity at the time of the trial.

The Smith case is distinguishable from the present case in that counsel for

petitioners in the present case was a very capable, experienced attorney who was quite familiar with federal practice. The only allegation of ineffective assistance of counsel was that he failed to make a motion to suppress under Criminal Rule 41(e).

In the course of the opinion in the Smith case, at page 126, Judge Pope said:

"Of course upon trial of this issue the court could properly take into consideration not only testimony then offered as to the character of representation given the petitioner, but could also rely upon the court's own recollection of what transpired at the trial."

This opinion certainly seems indicative of the fact that, in the Ninth Circuit, at least, the judge may take into consideration his own recollection of what occurred at the trial. Although this case had reference to what may be taken into consideration on a hearing, it would seem arguable that the judge could take cognizance of such occurrences which he has observed at the trial in determining whether or not a hearing should be granted under § 2255.

Conceding the fact that the case law in all the circuits seems to be in accord with the proposition that genuine issues of material fact, raised in a proceeding under § 2255, cannot be resolved without a hearing, followed by findings of fact and conclusions of law, the real problem we are faced with here is whether petitioners raise any genuine issue of material fact. It is the Court's opinion that they do not. The only material allegation of fact in the entire petition is that their attorney failed to make a motion

to suppress the evidence under Criminal Rule 41(e). Nevertheless, the petition alleges that this issue was raised during the trial, by objection to the admissibility of the letter in evidence, and was ruled on by the trial judge.

In conformity with the overwhelming weight of authority, the fact that counsel chose to raise the issue at the trial rather than prior to trial, is a matter of trial tactics within the discretion of counsel, and does not present a genuine issue of material fact which should be considered under the claim that defendants have been denied the effective assistance of counsel as guaranteed by the Sixth Amendment.

■ In sum and substance, defendants are only using the ruse of asserting ineffective assistance of counsel to get back to the point that the letter was erroneously admitted into evidence. If this is what defendants are in fact trying to do, the proper procedure to accomplish this is by an appeal, and not a motion under § 2255. Section 2255 cannot be used as a substitute for the appellate process.

Since the motion to vacate is without merit and raises no question which can be adjudicated under § 2255 the motion and proceedings should be dismissed, and it is unnecessary to consider the motion to proceed in forma pauperis and the motion for appointment of counsel.

It is therefore ordered that the motion to vacate and set aside judgment be, and the same is hereby dismissed.

It is further ordered that the defendants' motion to proceed in forma pauperis and the motion for appointment of counsel be, and each of them is hereby dismissed.