**Russell T. HALLIDAY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 66–325.**

United States District Court
D. Massachusetts.

Jan. 11, 1967.

In 1954 petitioner, together with four others alleged to have participated with him in an escape from a Massachusetts penal institution was indicted for violation of 18 U.S.C. §§ 1201 (kidnaping), 1073 (flight to avoid confinement) and 2312 (transportation of a stolen motor vehicle). Pleas of not guilty were entered and the Massachusetts Voluntary Defenders Committee was assigned to provide counsel for Halliday and another defendant, Schwom. One George H. Lewald was assigned by that organization to represent these two defendants.

Petitioner and his co-defendants went on trial on these indictments on October 19, 1954. On October 22, 1954 after more than two full days of trial, petitioner changed his plea to guilty. Petitioner was thereafter sentenced to twenty years imprisonment on the charge under § 1201, and to five years imprisonment on each of the other violations. The two five year sentences were to run concurrently with each other, to begin after service of the twenty year sentence, which in turn was to begin upon petitioner's release from custody on the sentence he was then serving under order of the state court.

Petitioner contends that these sentences should be vacated because the court violated Federal Rules of Criminal Procedure, Rule 11, in failing to determine before accepting petitioner's guilty plea that it was made voluntarily, and Rule 32 in failing to give petitioner personally an opportunity to address the court at the time of imposition of sentence.

Russell T. Halliday, pro se.

John A. Canavan, Jr., Nutter, McClennen & Fish, Boston, Mass., Paul F. Markham, U. S. Atty., William J. Koen, Asst. U. S. Atty., for respondent.

## OPINION

FRANCIS J. W. FORD, District Judge.

Petitioner, Russell T. Halliday, seeks in this proceeding under 28 U.S.C. § 2255 an order vacating sentences imposed on him by this court in 1954.

Petitioner originally brought this petition pro se. Thereafter the court appointed counsel to represent him in these proceedings, and a hearing was held at which petitioner testified, as did Mr. Lewald, his counsel at the original trial.

■ The record of the original trial shows that at the time Halliday changed his plea, no specific interrogation was made as to the voluntariness of the plea. Rule 11 as it then read required no express interrogation. It did not require any formal inquiry or finding. The ac-

ceptance of the guilty plea implicitly included the necessary determination, provided, of course, that there was in fact a substantial basis for such a determination. In the circumstances here where a defendant represented by competent counsel, after hearing most of the government's evidence against him, elected to plead guilty while several of his codefendants chose to proceed with the trial clearly furnished a substantial basis for a determination that the plea was made voluntarily and with an understanding of the charges. Munich v. United States, 9 Cir., 337 F.2d 356, 359–360.

■ However, assuming that the court did not fully comply with Rule 11, this does not of itself require that the subsequent sentence be vacated. Petitioner contends it does, Heiden v. United States, 9 Cir., 353 F.2d 53, 54–55, but the rule in this Circuit appears to be otherwise. When there has been a violation of Rule 11, the question remains as to whether in fact the plea of guilty was made voluntarily and with an understanding of the charges, and the government has the burden of showing it was so made. But if it is shown that the plea was in fact made with the requisite voluntariness and understanding, the error, if error there was, in failing to make the determination required by Rule 11 was harmless and the plea should be allowed to stand. Domenica v. United States, 1 Cir., 292 F.2d 483.

Petitioner at the time of his trial was 26 years old. He had gone only as far as the fourth grade in school with some additional special schooling as a retarded child. This was not his first experience in a criminal court, since he was already serving a state court sentence for armed robbery.

He was represented throughout the trial by capable counsel. Counsel after being assigned to the case made a visit to Halliday in jail. After obtaining from him personal and background information he explained to him the charges in the indictments. (Copies of these had already been furnished to petitioner.)

Counsel read the relevant sections of the statute and pointed out the maximum possible punishments, including the possible life imprisonment under § 1201. He further discussed with Halliday the factual background out of which these charges had arisen.

At some time before trial counsel concluded on the basis of what Halliday had told him and on whatever other facts he had learned about the case that Halliday had committed the acts charged and that there was no possibility of a successful defense against them. He advised Halliday that his best course would be to plead guilty before trial in the hope of obtaining more lenient treatment from the court. This advice was not accepted.

Counsel also had discussed the case with the Assistant United States Attorney and told Halliday the recommendation which the government would make as to sentence if a plea of guilty were to be made before trial. This conversation included a discussion of the order in which the sentences of the state and federal court could be served, and counsel informed Halliday that he understood the recommendation would be that the federal sentence be served first.

Halliday, of course, was present at the trial and in the course of two full days of testimony heard substantially all the government's evidence. He conferred with counsel during the trial both in the courtroom and in the Marshal's Office. He discussed the testimony intelligently and furnished counsel with information to guide him in cross-examination.

On the morning of October 22, the fourth day of the trial, when counsel arrived in court he was told that Halliday and Schwom wished to speak to him. Halliday told him that the prosecutor was killing them by bringing out all of the details of the crime and that they wanted to get out of there. Counsel said, "You mean plead guilty?" and they said, "Yes." There was no other discussion between them and counsel at that time as to the advisability of a change of plea. Except for the earlier recommendation of counsel noted above,

counsel did nothing to mislead petitioner or to induce him to change his plea. No promise was ever made as to the sentence he would receive, and no indication given him as to what the actual sentence would be except for the previously mentioned information as to the recommendation the prosecution intended to make in the event of a change of plea before trial.

 The court cannot give any credence to Halliday's testimony that he never received any explanation of the charges against him, never discussed possible defenses, or never was informed of the possible maximum sentences and the possibility of having to serve state and federal sentences consecutively. It does not believe that his counsel ever made him any promise that he would receive at most a twenty year sentence concurrent with his state sentence. It cannot accept his statement that he was completely confused, did not understand the charges and the proceedings and pleaded guilty only because counsel urged him to do so without any understanding of the reasons for counsel's advice.

The court finds that when petitioner Halliday on October 22, 1954 pleaded guilty to the charges on which he was being tried he did so of his own free will, understanding the nature of the charges and the full possible consequences of his guilty plea, and that he did so because he knew he had committed the acts charged and after hearing the extent of the evidence against him had concluded there was no possibility of winning an acquittal.

 Before the decision in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 it was not the practice in this court to give a convicted defendant an opportunity to speak personally at the time of sentencing when he was represented by counsel. It was not done in the case of petitioner. However, a mere formal failure to comply with Rule 32 is not grounds for vacating the sentence in a collateral proceeding such as this. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417.

Petitioner has been given full opportunity to show that the formal error here was not harmless and he has failed to do so. He did not testify as to any fact or circumstance not known to the court which he could have stated to the court at the time of sentencing and which might have served to mitigate punishment. In substance his claim is that if he had been given an opportunity to speak, whatever he said would have shown the court that he was confused and did not understand what he had been doing when he pleaded guilty. The court has already found that the plea of guilty was in fact voluntarily and understandingly made. This finding disposes of petitioner's Rule 32 contentions.

Judgment will be entered denying petitioner's motions to vacate sentence.