**Russell T. HALLIDAY, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 6898.**

United States Court of Appeals First Circuit.

July 12, 1967.

---

15. A. T. Brod & Co. v. Perlow (2d Cir. 1967), 375 F.2d 393, 397, footnote 3.

16. (2d Cir. 1964), 339 F.2d 24, 26.

17. (2d Cir. 1964), 339 F.2d 764.

Laurence M. Johnson, Boston, Mass., with whom John A. Canavan, Jr., and Nutter, McClennen & Fish, Boston, Mass., were on brief, for appellant.

Herbert N. Goodwin, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The defendant in 1954, after two days of government testimony under an indictment charging kidnapping, flight to avoid confinement, and transportation of a stolen automobile, 18 U.S.C. §§ 1201, 1073 and 2312, requested, through counsel, that the court accept a change of plea. The court accepted pleas of guilty forthwith without making inquiry of anyone as to the voluntariness of the pleas or of the defendant's understanding of the nature of the charges. The defendant was sentenced to twenty years imprisonment on one count, and thereafter to two concurrent terms of five years on the other counts.

In 1966 the defendant, *pro se*, but afterwards with court-appointed counsel, brought this proceeding under 28 U.S.C. § 2255 in which he requested that the judgments be vacated and that he be allowed to change his pleas on the ground that the court had violated Fed.R. Crim.P. 11 in failing to make inquiry.[1]

---

1. Defendant also alleged that he had not been afforded a right of allocution. We do not agree with defendant that this should aid him with respect to withdrawing his pleas. Since he does not seek resentencing, we do not consider this matter further. Cf. Hill v. United States, 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed. 2d 417.

Defendant asserted that in pleading guilty he had been confused and had not understood the various matters as to which inquiry should have been made. This proceeding reached the original sentencing judge, and was heard before him, although in the petition the defendant had expressly requested that it be heard by some other judge.

Following a hearing the court ruled, 262 F.Supp. 325, that the circumstances had been sufficient to permit a proper finding under Rule 11 as it was then constituted.[2] With this we cannot agree. The government cites no case holding that the facts that the defendant had heard the indictment and certain testimony, and was represented by counsel, in themselves form a sufficient basis for the requisite findings. Something more is needed. See Domenica v. United States, 1 Cir., 1961, 292 F.2d 483; Gundlach v. United States, 4 Cir., 1958, 262 F.2d 72, cert. denied, 360 U.S. 904, 79 S.Ct. 1283, 3 L.Ed.2d 1255. To the extent that United States v. Hetherington, 7 Cir., 1960, 279 F.2d 792, cert. denied, 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224, may be thought to suggest the contrary, we disagree. We may concede that there was nothing to indicate that the defendant was not acting voluntarily and with full understanding. This did not satisfy the rule. The rule imposed a burden of inquiry. Julian v. United States, 6 Cir., 1956, 236 F.2d 155. Although the circumstances suggested no negative finding, they did not warrant an affirmative one.

The government claims, alternatively, that the defendant in fact fully understood the nature of the charges and acted voluntarily. Defendant replies that where Rule 11 was not complied with, subsequent proof is, as a matter of law, too late, citing Heiden v. United States, 9 Cir., 1965, 353 F.2d 53. This decision stands alone, see Domenica v. United States, supra; United States v. Lester, 2 Cir., 1957, 247 F.2d 496; Brokaw v. United States, 4 Cir., 1966, 368 F.2d 508; Bone v. United States, 8 Cir., 1965, 351 F.2d 11; United States v. Davis, 7 Cir., 1954, 212 F.2d 264, and has been expressly rejected, Stephens v. United States, 10 Cir., 1967, 376 F.2d 23. We join in the rejection, at least with respect to Rule 11 as previously constituted. If the defendant in fact had the requisite knowledge and state of mind when he pleaded, he has not been harmed, while the government would be seriously prejudiced by having to go to trial at this late date. The defendant asserts injury by reason of the passage of time and the dimming of memory. Since the burden was on the government in this subsequent inquiry, Domenica v. United States, supra; Rimanich v. United States, 5 Cir., 1966, 357 F.2d 537, any prejudice caused by delay would seem to be in the other direction.

This brings us to a more difficult question: whether it is proper for the same district judge who had once made a finding of voluntariness, on inadequate evidence, to take new evidence and, in effect, review the correctness of his own determination. In the continuation of a single proceeding, as on a motion for new trial, important considerations suggest that the hearing should be before the original judge. Here there has been a new proceeding. The court decided the issue of whether the defendant in fact acted voluntarily and with full understanding upon further evidence, predicated upon acknowledged, or assumed, error in its prior decision. We have more than once indicated, without in any way suggesting any personal criticism, that the second trial should be before another trier. See The Haverhill Gazette Co. v. Union Leader Corp., 1 Cir., 1964, 333 F.2d 798, 808, cert. denied, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343, and cases cited. This is especially so when the court is reweighing factual inferences and credibility, as distin-

---

2. In 1954 Rule 11 required that the court determine that the plea was "made voluntarily with understanding of the na- ture of the charge," but did not require personal interrogation of the defendant.

guished from applying rulings on issues of law.

■ It is true that some cases have held that it is inappropriate for a new judge to sit in section 2255 matters. E. g. United States v. Smith, 4 Cir., 1964, 337 F.2d 49, 53, cert. denied, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436. On examination we think it can be fairly said that these courts have simply accepted, without discussion, a statement in the per curiam opinion in Carvell v. United States, 4 Cir., 1949, 173 F.2d 348, believed attributable to Chief Judge Parker of that circuit, that section 2255 was intended to bring collateral attacks to the original judge. See Parker, Limiting the Abuse of Habeas Corpus, (1948) 8 F.R. D. 171, 172–74. With due respect, we are not persuaded, however, that the judge's connection with the drafting of section 2255 should supplement legislative history that contains no such suggestion, and which demonstrates concern with quite a different matter.[3] It is true that section 2255 speaks of moving "the court which imposed the sentence * * *." We find nothing, however, to indicate that "court" was used in the restrictive sense of a specific judge. Rather, it appears that section 2255 was intended to supplant habeas corpus proceedings, which could be brought only where the defendant was incarcerated, and to transfer collateral attack to a forum where the record, and most of the relevant witnesses, would be available. See United States v. Hayman, 1952, 342 U.S. 205, 210–219, 72 S.Ct. 263, 96 L.Ed. 232.[4]

Nor are we moved by other considerations. The contention that it would be unseemly for a judge to testify in contradiction to a defendant as to a past occurrence in his courtroom, e. g., United States v. Edwards, D.D.C.1957, 152 F. Supp. 179, 182 (dictum), aff'd, 103 U.S. App.D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82, seems to us largely a straw man. The need could normally occur only when there had been no court reporter, and even then it is unlikely that no one but the judge would be available to testify. In any event, unpleasant as it might be for a judge to testify, we consider it far worse that he should be the trier of fact to determine his own credibility. Cf. 28 U.S.C. § 455; In re Murchison, 1955, 349 U.S. 133, 138–139, 75 S.Ct. 623, 99 L.Ed. 942. At least in usual circumstances, assertions that the sentencing judge should review his own findings, either to protect his dignity, or because he is in a special position to supplement the record with his own recollections, seem but little removed from the view, vigorously condemned in Hayman, supra, that cursory or limited treatment may be given to proper factual allegations in section 2255 proceedings. See also Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. Section 2255 calls upon the court to notice what "the files and records of the case conclusively show * * *." In spite of some remarks in certain cases about the judge's personal recollections we cannot believe that, unless acquiesced in, they are part of the record in a § 2255 proceeding any more than they would be in any other.[5]

---

3. Although we are the first to disagree with Judge Parker in this matter, we note that his views on this statute have been rejected in another particular. See Brown v. Allen, 1953, 344 U.S. 443, 448, 73 S.Ct. 397, 97 L.Ed. 469 n. 3.

4. Another motive is suggested by the statutory language authorizing the judge to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." The options open to a habeas corpus judge sitting out of the district of trial

are more limited. See S.Rep. 1526, 80th Cong., 2d Sess. (1948).

5. It was suggested in United States v. Springfield, N.D.Cal., 1959, 178 F.Supp. 347, cert. denied, 366 U.S. 926, 81 S.Ct. 1354, 6 L.Ed.2d 385, that the use of personal recollections found support in Dario Sanchez v. United States, 1 Cir., 1958, 256 F.2d 73, cert. denied, 372 U.S. 931, 83 S.Ct. 877, 9 L.Ed.2d 734. See also Scherk v. United States, N.D.Cal., 1965, 242 F.Supp. 445, aff'd per curiam, 9 Cir., 354 F.2d 239, cert. denied, 382 U.S. 882,

In sum, there is no authority persuading us to prefer that the sentencing judge conduct an evidentiary hearing on a section 2255 petition challenging the validity of his prior determination under Rule 11 that a plea was made voluntarily and with understanding. We recognize that it is quite another matter to declare him disqualified from conducting such hearings. We do so, not from any feeling of Constitutional compulsion, but from a conviction that the best practice dictates such a policy. It seems to us that hearings on factual issues occasioned by an initial failure to comply with Rule 11 combine whatever ordinary hazards lie in self-review of factual determinations with the danger of improperly interjecting personal recollections of matters outside the record. Were it possible to identify in advance those cases where such a combination of factors would be likely to be present, we might limit our holding to them, but we are persuaded that such a limitation would not be feasible. In saying this we would not be thought to disparage the capacity for objectivity of district judges; rather, we feel that they should be relieved of what we deem the unnecessary burden of deciding when they can properly redetermine factual issues in this particular area. Moreover, it is not unimportant that judicial decision-making not only be fair, but that it so appear to all eyes.

This interdiction does not mean that the sentencing judge cannot review a § 2255 petition to conclude, if appropriate, that no evidentiary hearing is required.

Nor, particularly in a one-judge district, where it is not a simple matter to have the petition heard by a new judge, would there be an objection to an evidentiary hearing before the sentencing judge in order to pass solely on a new issue as, for example, a claim that although Rule 11 was properly observed, the defendant had in fact been subjected to improper extrajudicial influence. The case at bar, however, is not such a case, and the defendant was entitled to a new trier. The judgment is vacated, the findings as to defendant's voluntariness and understanding are set aside, and the case is remanded for further proceedings consistent herewith.

86 S.Ct. 174, 15 L.Ed.2d 122; Smith v. United States, 9 Cir., 1958, 259 F.2d 125, subsequent history omitted. In *Dario Sanchez* we affirmed the district court's dismissal, noting the defendant's "vague general allegations of counsel's inadequacy." Our decision was grounded on our practice of holding insufficient generalizations in the petition not supported by specific factual allegations or by material in the trial record. Cf. Sanders v. United States, supra, 373 U.S. at 19, 83 S.Ct. 1068. The case being thus disposable on the pleadings, we added that the district court could properly recite its observation that counsel was in fact competent. This indicated

that there had been no miscarriage of justice and equally important, vindicated counsel who had been attacked without any asserted cause.

We note, also, oblique references in Machibroda v. United States, 1962, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473, and *Sanders*, supra, 373 U.S. at 20, 83 S.Ct. 1068, to a judge's drawing on his "own personal knowledge or recollection" in a § 2255 proceeding. The propriety of such action was not there called into account, and the observations were dicta. Indeed, in both instances cited the Court in fact refused to rely on the trial judges' memories.