## In re DEDHAM WATER COMPANY and Dedham–Westwood Water District, Petitioners.

### No. 90–1120.

United States Court of Appeals, First Circuit.

March 30, 1990.

Thomas F. Holt, Jr., with whom Nancy B. Reiner, DiCara, Selig, Sawyer & Holt, Boston, Mass., John R. Cope and Bracewell & Patterson, Washington, D.C., were on brief, for plaintiffs, appellants.

Allan van Gestel with whom Henry C. Dinger, Christopher P. Davis, A. Lauren Carpenter and Goodwin, Procter & Hoar, Boston, Mass., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

## MEMORANDUM AND ORDER

Dedham Water Company petitions the court for a writ of mandamus directing that the remanded proceeding in this case, pending in the United States District Court for the District of Massachusetts, be heard before a different district judge than the judge who originally heard the case. This petition follows hard upon our answer to an earlier motion for clarification. Obviously we did not successfully clarify matters and we accept our share of the blame for the present continuing confusion. We treat the present petition as a motion for further clarification and rule as follows.

We direct that this remand proceeding be handled by a judge other than the judge who originally heard and decided the case. We do so entirely without criticism of the original judge. We, believe, however, that a new judge is indicated under principles to

which this circuit has adhered since at least 1967 when it decided *Halliday v. United States*, 380 F.2d 270, 272. Massachusetts Local Rule 8(i) grew out of those principles and should be interpreted consistently with them.

Local Rule 8(i) provides that when an appellate court remands for a *new trial,* "the case shall be reassigned to a judge other than the judge before whom the first trial was held." What is meant by a "new trial" may not always be self-evident, but in the present case our court made it plain that the proceeding on remand would be a new trial by characterizing it as such. In our original opinion in this case, we stated:

> Since the district court failed to properly consider Dedham's claim that even if Cumberland's releases did not cause the contamination of Dedham's wells, Cumberland's releases and threatened releases caused it to incur response costs, there must be a new trial.

*Dedham Water Co. v. Cumberland Farms Dairy*, 889 F.2d 1146, 1154 (1st Cir.1989).

In the same opinion, we further stated:

> For the same reasons discussed in the CERCLA section *supra,* we conclude that the plaintiff does not need to prove that actual releases of hazardous waste from defendant's property physically migrated and contaminated the plaintiff's property. Chapter 21E requires only that the release or threatened release of hazardous substance from defendant's property caused the plaintiff to incur reasonable response costs. There must, therefore, be a new trial as to liability and damages under that statute. *Id.* at 1156–57. *See also id.* at 1147–48 ("We vacate the judgment of the district court and remand for a new trial.").

In our recent Memorandum and Order of January 3, 1990, we stated that it was "implicit in our direction to hold a new trial on [the response costs] ... issue," that the district court could take additional evidence on that issue.

When a court of appeals reiterates the words "new trial" to this extent, we believe they should be accepted at face value.

We may have confused matters by also stating in our January 3, 1990 Memorandum and Order that we left the proper application of Local Rule 8(i), and the question of assignment of a new judge, to the district court. This diplomatic language was not intended, however, to sanction overriding the plain language of our original opinion and of the Local Rule.

Given our contribution to the confusion, we would overlook the district court's departure from our specific direction of a "new trial" were this merely a semantic issue. But there is more here than semantics. The remand proceeding directed in our opinion is of a character similar to those in previous cases where we have required a different judge. To be sure, we did not here authorize the district court to retry on remand the question of whether or not the hazardous substances released by Cumberland Farms had physically migrated into Dedham Water's well field and had contaminated it. As noted in our opinion, that factual issue was never appealed; it must now be regarded as resolved. *Dedham Water*, 889 F.2d at 1149. We did, however, expressly order a new trial with respect to whether the release or threatened release of a hazardous substance from Cumberland's property otherwise caused the plaintiff to incur reasonable response costs. We authorized the court—in addition to considering the full record and a "stipulation"—to take new evidence to whatever extent necessary to properly determine that issue in accordance with principles discussed in our opinion. If the same judge who had earlier determined that Dedham was *not* entitled to response costs were designated to make this mixed fact-law determination, he would be placed in the difficult position of "tak[ing] new evidence and, in effect, review[ing] the correctness of his own determination." *Halliday*, 380 F.2d at 272. In comparable circumstances we have said in several cases, "without in any way suggesting any personal criticism, that the second trial should be before another trier." *Id. See also O'Shea v. United States*, 491 F.2d 774, 779 (1st Cir.1974) ("If the case is remanded for a new factual determination by the district

judge, the fact that he has already made a resolution, particularly if this involved error on his part, may make it difficult to reapproach the question with a free and open mind."); *Haverhill Gazette Co. v. Union Leader Corp.*, 333 F.2d 798, 808 (1st Cir.1964).

We recognize that the line is sometimes blurred between situations requiring the original judge to bow out and those in which the original judge may continue with the case. If, for example, a remand calls for the redetermination of only a few discrete segments of an otherwise affirmed proceeding, a new judge may not be required. The same may be true if only trivial factfinding is at stake; and there are other circumstances. As a further safety valve, the court of appeals may specifically except a judge in any particular case from recusal on remand where factors of judicial economy or other factors appear to so dictate. If anything is to be learned here, it is that this court, in cases like this, should expressly state in its opinion or in an unpublished order adjunct thereto, whether the original judge may continue. Here, unfortunately, there was no such specific direction. Our opinion did, however, use the Local Rule's dispositive term "new trial," not once but three times, and did so in circumstances where, under our precedent, substitution of a new judge would seem appropriate in the absence of the court of appeal's specific contrary direction. We hold, therefore, that the parties are entitled to proceed before a different judge.

*So ordered.*

BREYER, Circuit Judge (dissenting).

I agree with the court that the district court's rules unambiguously require a new judge where there must be a new trial. I also agree that our prior orders are less than clear (and accept a share of the blame). I do not agree, however, that we should order (or should have ordered) a new trial; and, I would clarify the ambiguity by stating that we did not (or do not) do so. Unlike my brethren on this point, I would clarify as follows:

The parties originally tried this case primarily on the theory that pollution crept from Cumberland's Dairy into Dedham's wells. The district court found that was not so. On appeal we held that even polluting substances that stopped short of the boundary *could* have caused compensable expense, if, for example, Dedham had spent money reasonably to keep the pollution away. We thought that Dedham had raised this second theory with sufficient clarity (in my view, with just barely enough clarity) to warrant a finding on the matter. But, (in my view) what is called for is a new finding on an old record; not an entirely new trial. We did not *preclude* the district court from taking more evidence should it deem that course appropriate. But, that "permission" is not a "new trial" order. Hence, it should be basically up to the district court whether or not "a substantial saving in the time of the whole court" warrants keeping the same judge. Local Rule 8(i).