Board of Examiners of Psychology and
Mental Health Practice
No. 95-427

## APPEAL OF RUEDIGER H. GRIMM, PH.D.

## (New Hampshire Board of Examiners of Psychology and Mental Health Practice)

April 11, 1997

*Sulloway & Hollis*, of Concord (*Margaret H. Nelson* and *Sean M. Dunne* on the brief, and *Ms. Nelson* orally), for the petitioner.

*Jeffrey R. Howard*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the State.

JOHNSON, J. The petitioner, Ruediger H. Grimm, Ph.D., appeals the decision of the New Hampshire Board of Examiners of Psychology and Mental Health Practice (board) revoking his psychologist

certificate. *See* RSA 330-A:14, III(c), :15-b, VII (1995); RSA 541:6 (1974). The board unanimously revoked his certificate based on a finding that he engaged in sexual relations with a client (the complainant) in violation of RSA 330-A:14, II(c) and (d) (1995). *See* RSA 330-A:24 (1995). The board's decision followed a successful first appeal by Dr. Grimm to this court from an earlier, similar decision. *See Petition of Grimm*, 138 N.H. 42, 635 A.2d 456 (1993) (*Grimm I*). In the present appeal, Dr. Grimm argues that the board's latest decision is unlawful and unreasonable because: (1) the second hearing panel contained two members of the original panel which had voted to revoke Dr. Grimm's license; and (2) "the board failed to properly assess credibility, ignored certain undisputed facts and relied on information not contained in the record." We affirm.

The facts which gave rise to the complaint against Dr. Grimm were set forth in *Grimm I*, 138 N.H. at 45-46, 635 A.2d at 458-59, and will be recounted only to the extent that they are pertinent to the issues raised in this appeal.

## I. Bias of the Board of Examiners

Dr. Grimm first argues that the board's ruling was unlawful and unreasonable because two of the five members of the panel that presided over the second hearing were members of the original panel which had voted to revoke Dr. Grimm's license. Dr. Grimm argues that he was denied his right to a fair and impartial hearing as guaranteed by the due process clauses of both the State and Federal Constitutions because these two members had prejudged the issue in controversy and were thus biased against him. *See* N.H. CONST. pt. I, art. 35; U.S. CONST. amend. V, XIV. We address Dr. Grimm's State constitutional claim first, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), citing federal law solely to aid in our analysis. *See State v. Maya*, 126 N.H. 590, 594, 493 A.2d 1139, 1143 (1985). "Because we conclude that federal law is not more favorable to the petitioner, we make no separate federal analysis." *Appeal of Dell*, 140 N.H. 484, 492, 668 A.2d 1024, 1031 (1995) (quotation omitted); *see Withrow v. Larkin*, 421 U.S. 35 (1974). We have previously determined that Dr. Grimm has a protected property interest in his license entitling him to the safeguards of due process. *See Grimm I*, 138 N.H. at 46, 635 A.2d at 459.

Our constitution provides that "[i]t is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit." N.H. CONST. pt. I, art. 35. This mandate applies to both trial judges and members of administrative boards acting in a quasi-judicial capacity. *See Winslow v. Holderness Planning Board*,

125 N.H. 262, 267, 480 A.2d 114, 116 (1984). "Administrative officials that must serve in an adjudicatory capacity are presumed to be of conscience and capable of reaching a just and fair result. The burden is upon the party alleging bias to present sufficient evidence to rebut this presumption." *Appeal of Maddox a/k/a Cookish*, 133 N.H. 180, 182, 575 A.2d 1, 3 (1990) (citation omitted).

> A *per se* rule of disqualification due to the probability of unfairness, applies when the trier has pecuniary interests in the outcome, . . . has become personally embroiled in criticism from a party before him, or when he has heard evidence in secret at a prior proceeding, or when he is related to a party.

*Plaistow Bank & Trust Co. v. Webster*, 121 N.H. 751, 754, 433 A.2d 1332, 1334 (1981) (quotations omitted). If none of the factors justifying *per se* recusal exist, then a trier may be disqualified if the party presents "facts from which a sane and reasonable mind might fairly infer personal bias or prejudice on the part of the judge." *State v. Fennelly*, 123 N.H. 378, 384, 461 A.2d 1090, 1092 (1983) (quotation omitted). Thus, whether we examine the issue of bias under a *per se* rule or under a reasonableness standard, Dr. Grimm "must show the existence of bias, or such likelihood of bias, or an appearance of bias that the [fact-finder] is unable to hold the balance between vindicating the interests of the [board] and the interests of the accused." *Id.* at 384, 461 A.2d at 1093 (quotation omitted). Such a showing is dependent on the particular circumstances of each case. *See Appeal of Hurst*, 139 N.H. 702, 704, 660 A.2d 1143, 1145 (1995). We conclude that based on the facts of this case, Dr. Grimm has failed to meet this burden.

▮ Dr. Grimm's claim of bias arises from the fact that two board members participated in both revocation proceedings against him. As evidence of bias, Dr. Grimm refers to the board's decision in the first proceeding, which stated in part: "Each Board member has, however, reached the critical factual conclusions in this case [unhesitatingly] and with a clear conviction of their truth." It is true that we have invalidated rulings of administrative boards when one member has been found to have prejudged the particular facts of the controversy before the board. *See Winslow*, 125 N.H. at 267-68, 480 A.2d at 116-17. It is equally the case, however, that absent a statutory mandate, members of an administrative tribunal will not be disqualified simply because "they ruled strongly against a party in the first hearing." *Labor Board v. Donnelly Co.*, 330 U.S. 219, 236-37 (1947); *cf. United States v. Kelley*, 712 F.2d 884, 890 (1st Cir.

1983) (even when fact-finder has made a negative determination with respect to party's credibility, recusal is not required).

For an alleged bias to be disqualifying, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the factfinder learned from [official] participation in the [same proceeding]." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The critical distinction between the circumstances in *Winslow* and this case is that in *Winslow*, 125 N.H. at 265, 480 A.2d at 115, the board member's prejudgment arose from information and beliefs developed outside his duties as decision maker. Here, the two board members reached their conclusion in *Grimm I* in their quasi-judicial capacity.

Furthermore, in *Grimm I*, we concluded that the board's critical factual determinations were flawed because only one of the panel members was present throughout the entire direct and cross-examinations of the complainant and Dr. Grimm. *Grimm I*, 138 N.H. at 46-47, 635 A.2d at 459-60. We remanded the case for a rehearing and directed the board to reconsider its findings in light of live testimony. *Id.* at 47-48, 635 A.2d at 460. We will not presume that the board members are incapable of following our instructions on remand. *Cf. United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 914 (9th Cir. 1986) (new judge assigned on remand only under unusual circumstances; for example, if original judge expected to have substantial difficulty disregarding previously expressed views). Thus, we cannot conclude, simply from the order in *Grimm I* itself, that the two board members had "unalterably prejudged the facts," *Appeal of Dell*, 140 N.H. at 497, 668 A.2d at 1034, in contravention of our directive in *Grimm I*. *Cf. Pangburn v. C.A.B.*, 311 F.2d 349, 358 (1st Cir. 1962) (mere fact that tribunal has taken a public position on the facts in a prior hearing is not sufficient to disqualify it from fact-finding in a subsequent hearing). To presume otherwise and require a new hearing panel every time we reversed the finding of an administrative body would create an untenable strain on the administrative boards of our State. *Cf. National Medical Enterprises, Inc.*, 792 F.2d at 914 (in determining whether it is necessary to assign a remanded case to a different fact-finder, court considers whether it would "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness").

Finally, we note that Dr. Grimm, both in his brief and at oral argument, urges us to adopt a convention of the First Circuit Court of Appeals referenced in *In re Dedham Water Co.*, 901 F.2d 3, 4 (1st Cir. 1990), whereby the appellate court may assign the case to a

different fact-finder on remand when a new trial is required. This ruling was based primarily on a specific local administrative rule which reflects a procedural preference of that court, *see id.*, and the practice is not constitutionally mandated. *Cf. Halliday v. United States*, 380 F.2d 270, 274 (1st Cir. 1967). Furthermore, the First Circuit has made it clear that "no bright line rules are possible in this area and instead a balancing of all relevant factors is required" before deciding whether to appoint a new trier on remand. *Panzardi-Alvarez v. United States*, 879 F.2d 975, 985 (1st Cir. 1989), *cert. denied*, 493 U.S. 1082 (1990).

## II. Findings of Fact

Dr. Grimm also asserts that the board's decision was unlawful and unreasonable because it "failed to properly evaluate the credibility and veracity of the complainant's testimony and failed to give proper weight to Dr. Grimm's testimony and the evidence which supports him."

■ Since January 1, 1995, appeals from a decision of the board have been governed by RSA chapter 541. RSA 330-A:15-b, VII; *see* Laws 1994, 306:7. As such, we will not overturn the board's decision absent an error of law, unless we are satisfied that it was clearly unreasonable or unlawful. *See* RSA 541:13 (1974). "Administrative findings of fact are deemed to be *prima facie* lawful and reasonable." *Appeal of Toczko*, 136 N.H. 480, 488, 618 A.2d 800, 805 (1992).

At the heart of Dr. Grimm's objection is the board's refusal to "adequately consider" his defense that the complainant's recollection of the events in question were not in fact real, but the product of "pseudomemories." During the hearing, the defense offered the expert testimony of Dr. Daniel Brown who testified that the complainant exhibited a number of "risk factors" for the creation of pseudomemories, including the tendency to be easily hypnotized and susceptibility to suggestive interrogation. As we noted in *Grimm I*, however, "the board may reject uncontradicted opinion testimony that its own expertise renders unpersuasive." *Grimm I*, 138 N.H. at 54, 635 A.2d at 464. We note that Dr. Grimm unsuccessfully challenged the board's rejection of expert testimony on pseudomemories in *Grimm I*. Similarly, we find that in this case the board again properly "used its expertise and technical background to evaluate the theories and decide whether they should be accepted or rejected." *Id.*

■ Finally, Dr. Grimm alleges that the board improperly relied on unspecified scientific literature not contained in the record to account for certain inaccuracies in the complainant's description of

Dr. Grimm's anatomy. He contends that he was thus denied the right to properly contest this evidence. *See* RSA 541-A:33, VI (Supp. 1996). A number of the findings that he objects to in his brief, however, were modified by the board on reconsideration. Because his arguments do not take into account the modified findings of fact, we are unable to assess the nature of Dr. Grimm's present objections. Accordingly, we will not address them on appeal. *Cf. In re N.H. Disabilities Rights Center, Inc.*, 130 N.H. 328, 334, 541 A.2d 208, 212 (1988) (claim asserted but left unexplored because of absence of supporting arguments or references developing party's position will not be addressed on appeal).

We have reviewed the record with respect to counsel's remaining arguments and find them to be without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.