CLD-422                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3418
_____

IN RE:  DENNIS BURNETT,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2-08-cr-00201-003)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 12, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  October 9, 2013)
_____

OPINION
_____

PER CURIAM

Pro se petitioner Dennis Burnett has filed a petition for a writ of mandamus

requesting that we compel Judge Pratter, the District Judge presiding over his 28 U.S.C. §

2255 motion, to recuse herself.  For the reasons set forth below, we will deny Burnett's

petition.

On July 14, 2009, Burnett pleaded guilty in the District Court to two counts of

robbery, one count of conspiracy to commit robbery, and one count of using or carrying a

firearm during and in relation to a violent crime.  Judge Pratter presided over Burnett's

plea colloquy and accepted his guilty plea. Three months later, however, Burnett filed a motion to withdraw the guilty plea, contending that, due to his grandfather's recent death, he had been in a state of emotional distress at the time of the plea. Judge Pratter denied that motion, and ultimately sentenced Burnett, in accordance with the plea agreement, to 25 years' imprisonment. Burnett then appealed to this Court, claiming that Judge Pratter had erred in denying his motion to withdraw his guilty plea. We affirmed the District Court's judgment. See United States v. Burnett, 452 F. App'x 81 (3d Cir. 2011).

Burnett has since filed a motion under 28 U.S.C. § 2255 in the District Court. His claims again concern his guilty plea: this time, he alleges that Judge Pratter improperly participated in plea negotiations and failed to enforce all of the plea agreement's terms. This motion remains pending. Burnett also filed a motion to recuse Judge Pratter pursuant to 28 U.S.C. § 455(a). Judge Pratter denied Burnett's recusal motion, and he then filed the instant mandamus petition.

Mandamus is the proper means for the Court to review a district judge's denial of a motion to self-disqualify pursuant to § 455(a). Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). We will review the District Court's denial of the recusal motion for abuse of discretion. In re Kensington Int'l, Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires an objective inquiry; that is, "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's

impartiality might reasonably be questioned." Kensington, 368 F.3d at 301.

Significantly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism." Liteky v. United States, 510 U.S. 540, 555 (1994).

Here, Burnett contends that Judge Pratter should have recused herself for three related reasons. First, he argues that because she presided over his criminal case, her ability to rule impartially on his § 2255 motion — which will challenge her previous rulings — could reasonably be questioned. This theory, however, is irreconcilable with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which specifically provides for a § 2255 motion to be assigned "to the judge who conducted the trial and imposed sentence." While Rule 4 does not preclude a prisoner from seeking the recusal of the trial judge, see Rule 4 advisory committee's note (1976) (noting that a litigant may "file an affidavit alleging bias in order to disqualify the trial judge"), Judge Pratter is not required to recuse herself from ruling on Burnett's § 2255 motion merely because she presided over his criminal case.[1]

---

[1] Burnett relies on Halliday v. United States, 380 F.2d 270, 272-74 (1st Cir. 1967), where the First Circuit concluded that a sentencing judge should not normally conduct the hearing on a § 2255 motion challenging the validity of that judge's prior determination that a guilty plea was voluntary. The reasoning of Halliday, however, has never been adopted by this Court, and was specifically rejected by Rule 4. See Rule 4 advisory committee's note (1976) (discussing, and declining to adopt, rule of Halliday); see also United States v. Pungitore, 15 F. Supp. 2d 705, 714 n.3 (E.D. Pa. 1998) (Van Antwerpen, J.) (noting that Rule 4 "expressly adopt[s] a view that is contrary to Halliday").

Second, Burnett argues that Judge Pratter, by virtue of her involvement in his case, has improperly prejudged his § 2255 motion. Again, we disagree. As the Supreme Court has stressed, "opinions held by judges as a result of what they learned in earlier proceedings" cannot be "subject to deprecatory characterization as 'bias' or 'prejudice,'" because "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Liteky, 510 U.S. at 551. Indeed, one of the reasons that § 2255 motions are assigned to the trial judge is to take advantage of the judge's previous exposure to the factual and legal issues in the case. See Rule 4 advisory committee's note (1976) ("Because the trial judge is thoroughly familiar with the case, there is obvious administrative advantage in giving him the first opportunity to decide whether there are grounds for granting the [§ 2255] motion."); see also Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977). Thus, the fact that Judge Pratter's role as the judge in Burnett's criminal matter may have caused her to develop some opinions as to the merits of Burnett's § 2255 claims does not require her recusal. See generally In re Mann, 229 F.3d 657, 658-59 (7th Cir. 2000).

Finally, Burnett argues that, during his plea colloquy, Judge Pratter made certain statements that were favorable to the plea agreement, and thus revealed her bias in favor of the agreement. By way of example, at one point, Judge Pratter noted that the parties' agreed sentence was significantly shorter than the potential maximum sentence. These statements, however, were consistent with Judge Pratter's obligations imposed by Rule 11(c) of the Federal Rules of Criminal Procedure. See generally United States v. Crowell, 60 F.3d 199, 204 (5th Cir. 1995) ("the district court is expected to take an active

4

role in evaluating a plea agreement, once it is disclosed"). Thus, Judge Pratter's statements were permissible "assessments relevant to the case," United States v. Ciavarella, 716 F.3d 705, 719 (3d Cir. 2013), and did not reveal the sort of "deep-seated favoritism or antagonism" necessary to show bias, Liteky, 510 U.S. at 555.

Accordingly, we will deny Burnett's mandamus petition.