**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30094 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:19-cr-00103-SLG-MMS-1 |
| RUFFY ALVAREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted November 16, 2023[**]
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and BENNETT,[***] District
Judge.

Ruffy Alvarez appeals his jury conviction for distribution of a controlled

substance under 21 U.S.C. §§ 841(a), 841(b)(1)(A). He argues that the district

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

court erred under Federal Rule of Evidence 404(b) in allowing the government to prove intent and knowledge at his 2021 trial by introducing evidence of Alvarez's 2001 conviction under 21 U.S.C. § 846 for conspiracy to distribute.

We review admissions of prior convictions under Rule 404(b) for abuse of discretion. *See U.S. v. Berckmann*, 971 F.3d 999, 1001-02 (9th Cir. 2020). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Alvarez contests the similarity and recency of his 2001 conviction, elements that the government must meet in order to introduce a prior conviction under Rule 404(b).[1] Fed. R. Evid. 404(b); *see Berckmann*, 971 F.3d at 1002. The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent…[or] knowledge… for possession of, importation of, and intent to distribute narcotics." *See U.S. v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (quoting *U.S. v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982)).

   a. Whether a prior drug-related conviction is sufficiently similar is primarily concerned with the nature of the activity undertaken. *Id.* Evidence of a prior conviction is admissible to prove knowledge

---

[1] On appeal, Alvarez does not challenge the materiality or sufficiency of his prior conviction. *See Berckmann*, 971 F.3d at 1002.

2

where it "would tend to make the existence of the defendant's knowledge more probable…." *Id.* The district court explained that Alvarez's prior conviction and the crime for which he was on trial both involved the distribution of illegal narcotics. Both cases involved large quantities of drugs associated with sale and resale, not small quantities associated with personal use. In both circumstances leading to the charges, Alvarez participated in a broad network that brought the substances into Anchorage, Alaska. The parallel nature of the activities was sufficient to provide a jury reason to believe that Alvarez had knowledge about how to conduct the sale in question. *See id.* The district court did not abuse its discretion by finding the prior conviction to be similar.

b. Our law does not establish a bright line that determines the number of years after which a prior conviction becomes too remote in time to introduce as evidence. *See U.S. v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997); *U.S. v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989). We have affirmed the admission of prior convictions from at least 13 years prior and have tended to accept those on the outer edge of these limits when similarities between the acts and an intent-based admissibility theory make the prior conviction particularly probative.

3

*See Johnson*, 132 F.3d at 1283; *Spillone*, 879 F.2d at 519; *see, e.g.*, *Vo*, 413 F.3d at 1017; *U.S. v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989). Alvarez's 15-year-old conviction falls within this range of permissibly proximate circumstances. The need for temporal proximity lessens as similarities increase, as here, where both cases involve the distribution of narcotics in quantities beyond those associated with personal use, which is particularly instructive in a case where knowledge and intent are at issue. *See Johnson*, 132 F.3d at 1283; *Spillone*, 879 F.2d at 519. The district court did not abuse its discretion to weigh the facts on the record against this context and ultimately admit Alvarez's 2001 conviction.

c. The probative value of the prior conviction still needs to outweigh the prejudice to the defendant. Fed. R. Evid. 403. *See Berckmann*, 971 F.3d at 1004; *Vo*, 413 F.3d at 1018. To contest the probative value of the prior conviction on appeal, Alvarez makes two points: one, that he did not contest his knowledge or intent; and two, that admission was not necessary. To the first point, much of the evidence Alvarez presented for his defense at trial could have cast doubt on his intent or knowledge. Second, its necessity was not an absolute prerequisite to its admission. *See* Fed. R. Evid. 403, 404(b); *U.S. v. Simtob*, 901 F.2d

799, 807-08 (9th Cir. 1990). Rather, the question is whether its probative value is substantially outweighed by its prejudicial value. As in *Simtob*, Alvarez's jury could evaluate the prior conviction in the context of other facts on the record, including Alvarez's recorded conversations, in effect watering down the prejudicial value of the prior conviction. *Cf. id*. To mitigate any residual, unfair prejudicial damage, the district court issued a protective instruction to the jury mid-trial. *See Spillone*, 879 F.2d at 520.

d. Balancing the above, the district court did not abuse its discretion in admitting evidence of Alvarez's prior conviction. *See* Fed. R. Evid. 403, 404(b); *Berckmann*, 971 F.3d at 1004; *Vo*, 413 F.3d at 1018; *Simtob*, 901 F.2d at 808.

**AFFIRMED.**

5